LE BLANC, Justice.
 

 This is a suit brought to set aside an ex parte judgment rendered in the district court of East Baton Rouge Parish on the petition of an alleged widow who was thereunder so recognized and placed in possession of all of the property of the decedent. In her petition to be recognized, Harriet Vaughn Fields had alleged that she was married to Sam Fields on January 26, 1944; that he died intestate on August 17, 1946; that no children were born of their marriage and that both his parents had predeceased him by several years. As surviving widow she claimed to be entitled to-one-half interest in all the property belonging to the community which had existed between them and to the other half as his.sole and only heir.
 

 On September 10, 1947, about five months, after the judgment of court which recognized her claim had been rendered, the present proceeding was instituted by Mary Eliza Smith Fields, Vernel Fields and Nathaniel Fields. In their petition it is alleged Mary Eliza Smith Fields was married to Sam Fields on December 4, 1904,. that they were never divorced nor legally separated and that she is the surviving
 
 *315
 
 ■widow in community of th'e said decedent. It is further averred that Vernon Fields and Nathaniel Fields are her children, born during her marriage to Sam Fields, and they are therefore his sole and only heirs.
 

 It is then averred that the ex parte .judgment -recognizing Harriet Vaughn Fields as widow in community and placing her in possession of the property left by the decedent was procured through fraud since the said Harriet Vaughn Fields well knew at the time that the said decedent had been previously married and never divorced, and should be declared of no force or effect.
 

 In the petition of these parties it is shown that besides certain real estate consisting of two lots of improved property in the Third Ward of East Baton Rouge Parish, the decedent’s estate consisted of the sum of $77.62 due him by the Trustees of the Thrift Fund of Employees Thrift Plan, Standard Oil Company of New Jersey; the sum of $95 being the death benefit value held by the Equitable Life Assurance Society of New-York, for death benefit value of Group Annuities purchased by him under an employees’ thrift plan; the sum of $73.50 representing unpaid wages due decedent by the Standard Oil Company ■of New Jersey.
 

 In addition it is alleged that Harriet Vaughn Fields has received from the Standard Oil Company $822, being death benefits payable to the widow of Sam Fields of which Mary Eliza Smith Fields is the true 'and lawful owner by reason of her status as legal widow and that the said Harriet Vaughn Fields has also received the sum of $2,000 from Equitable Life Assurance Society, being the proceeds of a Group Annuity insurance policy taken by the decedent, Sani Fields, and made payable to his widow, of which therefore Mary Eliza Smith Fields is the true and lawful owner by reason of her status as legal widow.
 

 The petition also sets out that Harriet Vaughn Fields has been collecting certain rents from property belonging to decedent’s estate for which she is indebted to petitioners as well as for the rent she owes herself for having occupied one of the houses belonging to the estate of the decedent since his death and finally that'all of the furniture situated in the said-house belongs to his succession and that petitioners are the rightful owners thereof.
 

 The prayer of the petition is for the annulment of the ex parte judgment recognizing Harriet Vaughn Fields as widow in community and as sole heir of the decedent and entitled as such to the property of his estate; that Mary Eliza Smith Fields be recognized as the decedent’s surviving spouse in community and that Vernel and Nathaniel Fields be recognized as his sole heirs. Further petitioners pray that Mary Eliza Smith Fields be sent and placed in possession of all the property of decedent’s estate in the proportion of an undivided
 
 %o,
 
 Vernel Fields and Nathaniel Fields in the proportion of an undivided %o each and their attorneys, A. J. Spedale and David E.
 
 *317
 
 Cooley, an undivided
 
 %o
 
 under the contract of employment entered into with them. Judgment is also prayed for against Harriet Vaughn Fields, in favor of Mary Eliza Smith Fields and Spedale and Cooley, her attorneys, for the proceeds of the death benefits and insurance received by the said Harriet Vaughn Fields from the Standard Oil Company and the rents received and due by her.
 

 Harriet Vaughn Fields answered the petition denying that Mary Eliza Smith was ever married to Sam Fields and that she is therefore his widow and surviving spouse in community entitled to any property left by him. She then avers that she was lawfully married to Sam Fields on'January 26, 1944 and they lived continuously as man and wife until his death. That all the property left by him was community property acquired during their marriage. ' In the alternative she alleges that if it should he held that Mary Eliza Smith was lawfully married to Sam Fields and never divorced from him and that Vernel and Nathaniel Fields are children of such marriage, that in contracting her marriage with Sam Fields she did so in good faith and' the said marriage therefore produced its civil effects in her favor and she is entitled to be recognized as the owner of an undivided one-half of all the property accumulated during the community of acquets and gains which existed between them.
 

 On the issues as thus made up, trial was had in the district court and, by judgment entered on July 18, 1949, plaintiff’s suit was dismissed as of nonsuit, the trial judge stating that though a certified copy of a marriage license issued by the Clerk.of Court of East Feliciana Parish December 13, 1904, authorizing the marriage of Sam Fields and Mary Eliza Smith was produced, there was no return showing that the marriage was actually performed and that whereas parol evidence was admissible to show that the marriage took place, the testimony offered in proof of said marriage fell short of convincing him that it was performed. The dismissal as of nonsuit was rendered in order to allow plaintiffs to obtain convincing proof of the marriage which the judge had found lacking.
 

 Suit was re-instituted on July 20, 1949, and the testimony and offerings produced on the original trial were re-offered in addition to the testimony of two witnesses and the deposition of a third witness. Judgment was then rendered on December 4, 1951, dismissing plaintiff’s suit, the district judge stating that plaintiffs had failed to prove the allegations of their petition. The plaintiffs thereupon took this appeal.
 

 As indicated in the foregoing statement of the case, the issues are whether plaintiffs have shown a celebration of the marriage between decedent Sam Fields, and plaintiff, Mary Eliza Smith, and .if so, whether Harriet Vaughn Fields, the defendant, was in good faith in her marriage to him; and further, whether plaintiffs can proceed directly against defendant to recov
 
 *319
 
 er the proceeds of the life insurance received by her, or whether their action should be against the insurance company. It can be stated at this time that the demand for the proceeds of the death benefit in the sum of $822 also received by the defendant, has been abandoned.
 

 As the first issue, the celebration of the marriage, determines the necessity for deciding the latter two, it will be considered first.
 

 In Oliphant v. Louisiana Long Leaf Lumber Co., 1927, 163 La. 601, 112 So. 500, and cases therein cited, it was held that in the absence of written evidence, parol evidence is admissible to prove the celebration of a marriage. In the case at bar, such parol evidence was offered and received; in fact, several eyewitnesses corroborated the testimony of the plaintiff as to the celebration.
 

 Of these witnesses one was a brother and another a sister of Sam Fields. Another was the son of the minister who performed the ceremony. A fourth, an aunt of the deceased who testified, she knew they were married stated that she did not attend the wedding because she had a young baby to look after and could not leave. These witnesses all agree as to the approximate date of the wedding, the church where it took place and the minister who performed the ceremony.
 

 Another witness whose testimony was taken by deposition and offered at the second trial was Mrs. Cora B. Carney, widow of Boatner R. Carney who owned the cotton plantation on which the Fields family cultivated a crop themselves at the time of Sam’s marriage to Mary Eliza Smith. Mrs. Carney was 83 years old when she testified. Her testimony is very clear and it is impressive. She does not profess to testify regarding the marriage ceremony, but relates several circumstances, some of which she remembered very well and others she knew by referring to books and records kept by her husband, all of them tending to corroborate the other witnesses in some manner and giving weight to their testimony that a marriage had actually taken place. There is no contradictory testimony and we fail to understand how the trial judge found it unconvincing unless he simply did not believe the witnesses. • He makes no comment whatever on the veracity of any of them.
 

 Counsel for defendant makes reference to 500 cases or more to the effect that a judgment of the trial court on questions of fact will not be disturbed on appeal unless manifestly erroneous. That is no doubt true when there is conflict in the testimony or the credibility of the witnesses is at issue, but in this particular case the question as presented before us is one of the sufficiency or the preponderance of the testimony rather than of the credibility of' the witnesses. In a situation such as this it has been held that the trial court has no advantage over the appellate court in weighing the testimony and giving it proper
 
 *321
 
 effect. A case in point is that of Jordan v. Jordan, 175 La. 468, 143 So. 377. We regard the comments of the Court in that case as strongly pertinent here and conclude that the trial judge in this case manifestly erred in holding that the plaintiffs had failed to prove that there had been a celebration of marriage between Sam Fields and Mary Eliza Smith. The testimony satisfies us that such a marriage did take place.
 

 This leads us to the next issue which is whether Harriet Vaughn Fields is a putative wife; that is whether she was in good faith at the time she contracted her marriage to Sam Fields, the decedent, on August 17, 1946. The term “good faith” as used in Articles 117, 118 of the LSA-Civil Code has been construed to mean an honest and reasonable belief that the marriage is valid and that no legal impediment exists thereto. Also, where a man and woman live together as husband and wife, there is a presumption that they have been validly married, and that the marriage, though null, was nevertheless contracted in good faith. The burden of establishing bad faith rests oh those who allege it. Succession of Chavis, 1947, 211 La. 313, 29 So. 2d 860. The only witness offered by plaintiff to show this alleged bad faith of the defendant was Isaac Fields, who testified that he told his brother, the deceased, in the latter’s home and in the presence of the defendant, that he should not marry until he got a divorce. He stated that the defendant’s mother was in an adjoining room when he spoke to his brother in the presence of the defendant, from which it might be inferred that she also could have heard him. In this he was contradicted by both the defendant and defendant’s mother.
 

 Though the testimony of Isaac Fields on this point is none too credible because of a prior contradictory statement, it alone, nevertheless, is insufficient evidence to establish bad faith on the part of defendant who was actually married to deceased. On this issue we conclude that defendant was the putative wife of decedent, and as such, entitled to the civil effects of the marriage.
 

 Under such a finding, plaintiff, Mary Eliza Smith Fields, is entitled to one-half the property left by decedent, and defendant, Harriet Vaughn Fields, is entitled to the other one-half. As was said in Ray v. Knox, 1927, 164 La. 193, 113 So. 814:
 

 “And the rule was correctly laid, down in Patton v. Philadelphia, 1 La. Ann. 98, and has since been followed, that where a man marries, and after-wards contracts a • second marriage without the first having been dissolved, the community property acquired' during the coexistence of said two marriages belongs exclusively and in equal shares to said two wives as long as the second wife is in good faith, i. e., as long as she has no certain knowledge of the existence of the first marriage, and the bigamous husband has no share
 
 *323
 
 whatever in said property. Cf. [LSA] R.C.C. Art. 117 supra.”
 

 The bigamous husband in this case having had no share in the property accumulated during the coexistence of the two marriages, his children who are plaintiffs can recover nothing from the estate.
 

 As was stated at the beginning of this opinion, the property left by the decedent consisted of certain real estate and certain items of cash such as unpaid wages and death benefits due by his employer amounting to $246.12. In addition there were the death benefit sum of $822 and the group insurance benefit of $2,000 in the Equitable Assurance Society. All of these cash amounts were received by the defendant and they, together with the real estate, are claimed by the plaintiffs. The claim for the death benefit payment of $822 however, as also stated before, has been abandoned.
 

 Under our holding, Mary Eliza Smith is entitled to recover an undivided half, of the real estate, subject to the rights of her attorneys under their contract. There isn’t any serious question as to her right to recover likewise one half of the cash items amounting to the sum of $246.12. There is, however, an earnest contention made as to her having any rights in the $2,000 proceeds from the group insurance paid on the certificate issued to the deceased Sam Fields. This insurance under the terms of the policy was payable to certain classes of-beneficiaries in the order in which they were enumerated, the first being “the subscriber’s (a) widow or widower” without mention of any name. There is no doubt but that the
 
 widow
 
 of the deceased is the beneficiary under the certificate of insurance in this case. Legally speaking, however, there are two widows, the one by his first marriage which is now held to have been legal and valid, and the other by reason of her having been a putative wife in whose favor all the civil effects of her marriage to the decedent were produced, according to Article 118 of the LSA-C.C. The contention is made, however,- that if the first wife has any right to claim any of the proceeds of this insurance, her cause of action should be directed against the Standard Oil Company and the Equitable Life Assurance Society who paid the money to the putative wife, or at least that those corporations should be made parties in a proper proceeding.
 

 We do not agree with that contention as we are of the opinion that under the peculiar circumstances of this case there arose a certain quasi contractual relation between these two parties under the provisions of Articles 2293 and 2294 of the LSA-Civil Code. Article 2293 defines quasi contracts as “the lawful and purely voluntary act of a man, from which there results any obligation whatever , to a third person, and sometimes a reciprocal obligation between the parties” and Article 2294-provides that “All acts, from which there results an obligation without any agreement, in the manner expressed in the. preceding article,
 
 *325
 
 form quasi contracts. * * * ” From the defendant’s voluntary act in accepting this money from the insurance company there resulted an obligation on her part toward the plaintiff, Mary Eliza Smith, and the latter’s claim for part of it was properly asserted against her. ' She is entitled to recover one half of the amount received by the defendant, subject again to the rights of her attorneys under their contract.
 

 The testimony is to the effect that the defendant has been collecting rents of $12 per month from one of the properties belonging to the decedent’s estate since the date of his death on August 17, 1946. She accordingly owes one half of this amount also to Mary Eliza Smith. With regard to the latter’s claim for the rental value of the property occupied by the defendant since the date of'decedent’s death, we find that there is not sufficient proof on which to base any amount and this part of. the demand will be dismissed as of nonsuit.
 

 For the reasons stated it is now ordered, adjudged and decreed that the judgment appealed from be avoided, set aside and reversed and it is further ordered that there be judgment herein in favor of the plaintiff, Mary Eliza Smith Fields and against the defendant, Harriet Vaughn Fields, declaring the ex parte judgment rendered herein in the district court on April 1, 1947, recognizing Harriet Vaughn Fields as surviving spouse in community and sole heir of Sam Fields, deceased, and sending her in possession of all his property to be. null, void and of no force and effect.
 

 It is further ordered, adjudged and decreed that the plaintiff, Mary Eliza Smith Fields, be and she is hereby recognized as the surviving spouse at law of Sam Fields and that the defendant, Harriet Vaughn Fields, be and she is hereby recognized to have been his putative wife and that as such they are both entitled to share in his estate to the extent of an undivided half each, the undivided one half of Mary Eliza Smith Fields to be shared with her attorneys in the proportion of an undivided three fifths of the undivided half to her and an undivided two fifths of the undivided half to her said attorneys A. J. Spedale and David E. Cooley and more especially therefore they are all sent and placed in possession of all the property, and more particularly of the following real estate to-wit:
 

 “(1) A certain lot or parcel of ground situated in that subdivision in the third ward of the Parish of East Baton Rouge, State of Louisiana, known as suburb prosperity, and being designated on the official map thereof, which is on file and of record in the office of the Clerk & Recorder of East Baton Rouge Parish, Louisiana, as Lot fifteen (15) of Square twenty (20), and which lot measures forty (40) fee[ front on Pocasset Street by a depth between parallel lines of one hundred ten (110) feet.
 

 
 *327
 
 “(2) A certain lot or parcel of ground, together with all buildings and improvements thereon, situated in that subdivision in the third ward of East Baton Rouge Parish, State of Louisiana, known as suburb prosperity, and being designated on a map of a resubdivision of Lots 1, 2, 3, 4, of Square 10, Suburb Prosperity, made by A. G. Mundinger, C. E., August 10, 1944, a blue print of which is on file and of record in the office of the Clerk & Recorder of East Baton Rouge Parish, State of Louisiana, as Lot four (4), of .Square ten (10), which lot measures, according to said map, forty-three (43) feet front on Baton Rouge Avenue, formerly Oak Street, by a depth between parallel lines of one hundred twenty-five (125) feet,”
 

 in the following proportions to-wit:
 

 Harriet Vaughn Fields in the proportion of an undivided one half;
 

 Mary Eliza Smith Fields in the proportion of an undivided three tenths;
 

 A. J. Spedale and David E. Cooley in the proportion of an undivided two tenths.
 

 It is further ordered that there be judgment in favor of Mary Eliza Smith Fields and A. J. Spedale and David E. Cooley and against Harriet Vaughn Fields, in the proportion of three tenths to the said. Mary Eliza Smith Fields and two tenths to the said Spedale and Cooky, in the full and entire sum of $1,123.06 with legal interest from date of judicial demand and the further sum of $6 per month due as rent from August 17, 1946 until the termination of these proceedings, the other claim for rent being dismissed as in case of non-suit.
 

 It is further ordered that the costs of this appeal be paid by the defendant, Harriet Vaughn Fields, all other costs of these proceedings to be paid one half by the said defendants and the other half by Mary Eliza Smith Fields and her attorneys in the proportions as set out by them in the contract of employment entered into between ' them.