SARTAIN, Judge.
The matter now before us is the result of a rule filed by Hartford Accident & Indemnity Company (Hartford) directing The Travelers Insurance Company (Travelers) and others to show cause why Hartford should not be relieved of all further liability for principal, costs and interest, resulting from a judgment growing out of prior litigation between these same parties. It is Hartford’s contention that it invoked a concursus proceeding in the prior suit, deposited its policy limits in the registry of the court, and under C.C.P. Art. 4659 should be relieved of any further liability.
Before discussing the merits of Hartford’s claim, it might be helpful to review briefly here the previous proceedings.
On April 25, 1972, Mrs. Beverly W. Duncan, while driving a 1968 Ford station wagon, was involved in an accident on Louisiana Highway # 1054 near Amite, Louisiana, with a 1968 Chevrolet truck owned by the Louisiana Department of Highways. Ten children were riding with Mrs. Duncan. As a result of the accident, four of these children were killed and three others were injured. Hartford was the liability insurer of Mrs. Duncan and Travelers was the liability insurer of the Louisiana Department of Highways. Initially, four suits were filed for the alleged wrongful death of the children. Named as co-defendants were Travelers and Hartford.
Hartford filed a third party petition seeking a concursus proceeding against all persons having purported claims against it as the insurer of Mrs. Duncan. It deposited its policy limits of $20,000.00 in the registry of the court and impleaded the parents of the children who were injured.
Travelers third partied Mrs. Duncan as an alleged tort feasor and sought trial by jury.
The jury returned a verdict in favor of all plaintiffs against Travelers and exoner *64 ated Mrs. Duncan of negligence, thereby rendering judgment in her favor as a third party defendant. Further, it dismissed the concursus proceeding and ordered the funds held on deposit returned to Hartford. From this judgment Travelers appealed suspensively.
We reversed that portion of the judgment appealed which found in favor of Mrs. Duncan and held that the accident was the result of the joint negligence of Mrs. Duncan and Mr. Russell J. Costa, an employee of the Louisiana Department of Highways. See Addison v. Travelers Insurance Co., 281 So.2d 805 (1st La.App., 1973, writs refused, La., 283 So.2d 499).
We quote herewith the decretal portion of our opinion:
281 So.2d 805, 815
“For the above and foregoing reasons, the judgment rendered in the above captioned causes is amended: by reversing the award in No. 9,410 of $2,500.00 each to Herbert S. Addison and Mary Lou Addison for pre-death pain and suffering of Regina Carol Addison; by reversing the award in No. 9,411 of $1,250.00 each to Stewart Carrier and Bonnie Clark Carrier for the pre-death pain and suffering of Dorena Carrier; by reversing the award in No. 9,412 of $1,250.00 each to Glenn Reid and Doris Reid for pre-death pain and suffering of Sandra Reid, and by reducing the award to Glenn Reid, Sr., as the administrator of the estate of the minor, Glenn Reid, Jr. from $1,000.00 to $300.00; and by reducing the award in No. 9,413 to Harold Strickland, as the administrator of the estate of the minor, Dewaine Strickland, from $10,000.00 to $5,000.00.
“The judgment rendered in the above numbered and entitled causes is further reversed and amended in favor of each of the plaintiffs in said causes and against the defendants, Huey P. Duncan, and Mrs. Beverly W. Duncan and their insurer, Hartford Accident and Indemnity Company, to the extent of its coverage in the sum of $20,000.00, with legal interest from judicial demand and court costs, in solido, with the defendant, Travelers Insurance Company, for the full sum of each award, as herein amended and affirmed, together with interest and costs.
“There is further judgment requiring the Hartford Accident and Indemnity Company, as the insurer of Huey P. Duncan and/or Beverly W. Duncan, to prorate the sum of $20,000.00, the extent of its liability, together with interest at the legal rate and court costs to apply on the judgments of: Herbert S. Addison and Mary Lou Addison; Stewart Carrier and Bonnie Clark Carrier; Doris Reid and Glenn Reid, individually, and as the administrator of the estates of Kathy Reid and Glenn Reid, Jr.; and Harold Strickland, individually, and as the administrator of the estate of De-waine Strickland. In all other respects, the judgment appealed from is affirmed. The defendants, Travelers Insurance Company, Huey P. Duncan and Beverly W. Duncan, and their insurer, Hartford Accident and Indemnity Company, to the limits of its coverage, are cast for all costs of these proceedings.
“Amended and as amended affirmed.” (Emphasis ours)
In response to the instant rule the judge a quo held that under the supplementary payments provisions of its policy, Hartford was liable as of December 10, 1974[1] (sic) for interest amounting to $4,086.76 and for one-half of the court costs or the sum of $3,090.06, and granted judgment in favor of Travelers and against Hartford in the full sum of $7,176.82, together with legal interest thereon from the date of the filing of the reconventional demand by Travelers until paid, and for all costs of these proceedings subsequent to November 26, 1973. *65 It is from this judgment that Hartford has appealed. We affirm.
Hartford now by rule endeavors to absolve itself of costs and interest claiming, as stated above, that it had properly invoked concursus among the claimants.
While the main thrust of Hartford’s argument now is the validity and consequences of the concursus aspect of the first litigation, we view the single issue here to be one of finality of judgment.
We do not agree with Hartford in its contention that our judgment, quoted above, is ambiguous. To us, it clearly states not once but twice that Hartford is cast in solido with the remaining defendants for costs and interest.
We denied a rehearing and the Supreme Court denied writs. At no time during the course of the proceedings originally before us either by brief, during oral argument, or in its application for rehearing did Hartford raise the question of the limiting features of the concursus proceeding. To the contrary, in brief and oral argument, Hartford urged the affirmation of the jury’s verdict and the district court’s judgment in conformity therewith. Again, on rehearing, Hartford urged very strongly that we erred in finding Mrs. Duncan at fault. An alternative plea would have alerted us to the issue now presented by Hartford and we could have addressed ourselves to it.
Pretermitting the merits of Hartford’s claims now, we must hold that the judgment fixing its liability for interest and costs is final and can not be altered.
The law relative to the validity of a judgment is well stated in Allen v. Commercial National Bank in Shreveport, 243 La. 840, 147 So.2d 865 (1962), where our Supreme Court stated: (147 So.2d 865, 867)
“A judgment is the solemn adjudication of a court, established by law, made in a suit upon the relative claims of parties thereto, as disclosed by the record, and which passes on the matters so presented for determination. Lange v. Baranco, 32 La.Ann. 697. See, Breaux v. Laird, 230 La. 221, 88 So.2d 33. A judgment is a fiat of a court settling the rights of the parties, and however unjust, erroneous, or illegal the settlement may be, the parties can only claim under it that which, by its terms, the judgment awards. Schulhoefer v. City of New Orleans, 40 La.Ann. 512, 4 So. 494. It is the settled law of this state that a judgment is a fiat of a court settling the rights of the parties, and however unjust, erroneous, or illegal the settlement may be, the parties can only claim under it that which, by its terms, the judgment awards. If changes therein are warranted, such may and must be effected before its finality, for which ways and means are provided. Lacaze v. Hardee, La.App., 7 So.2d 719. A ‘judgment’ in the true sense is the final determination of the rights of the parties in an action. Lacour Plantation Co. v. Jewell, 186 La. 1055, 173 So. 761. A final judgment is definitive when it has acquired the authority of the thing adjudged. LSA-Code of Civil Procedure, Art. 1842. Matters once determined by a court of competent jurisdiction, if the judgment has become final, can never again be called into question by the parties or their privies though the judgment may have been erroneous and liable to certain reversal on appeal. Heroman v. Louisiana Institute of Deaf and Dumb, 34 La.Ann. 805; Fouchaux v. Board of Commissioners, La.App., 65 So.2d 430. A judgment is final as to a party taking no appeal. Anderson v. Legrande, La.App., 140 So. 269; Landis & Young v. Gossett & Winn, La.App., 178 So. 760.”
Accordingly, for the above reasons, the judgment here appealed is affirmed at appellant’s costs,.
Affirmed.

. Should be 1973.