326 So.2d 545 (1976)
Katie Lee PRICE, Plaintiff-Appellee,
v.
Albert PRICE, Jr., et al., Defendant-Appellant.
No. 5315.
Court of Appeal of Louisiana, Third Circuit.
February 4, 1976.
*546 Bruscato & Loomis by Anthony J. Bruscato and Percy A. Ford, Jr., Monroe, for defendant-appellant.
William G. Avery, Jonesville, for plaintiff-appellee.
Before HOOD, GUIDRY and PETERS, JJ.
HOOD, Judge.
Plaintiff, Katie Lee Price, seeks a judgment recognizing her as the owner of an undivided one-half interest in an improved lot of land in Catahoula Parish, and ordering that that property be partitioned by licitation. Defendants are Albert Price, Jr., and L. D. Wilson. Judgment was rendered by the trial court decreeing that "Plaintiff, Katie Lee Price, and defendant, L. D. Wilson, are each the owner of an undivided one-half interest" in and to that property, and ordering that the property be sold at public auction to effect its partition by licitation. Defendant Price appealed.
The principal question presented is whether defendant Price may collaterally attack in this proceeding a judgment which was rendered previously by the trial court in another suit.
Defendants, Albert Price, Jr., and L. D. Wilson, were married in Franklin Parish on November 28, 1939. The record indicates that they have never been divorced or judicially separated, at least up to the time of the trial of the instant suit, although they have not lived together for many years.
Despite the fact that Albert Price, Jr., was legally married to L. D. Wilson, he nevertheless married plaintiff in this suit, Katie Lee Price, in Catahoula Parish on or about August 21, 1951. The parties lived together as man and wife from the date of their marriage until they separated during the year 1974.
Some time between 1951 and 1974, while defendant Price and Katie Lee Price were *547 living together as man and wife, Albert Price, Jr., acquired ownership of the following described property situated in Catahoula Parish, Louisiana, to-wit:
"Lot 2 of the Georgia Westbrook Peniston Subdivision in the Town of Sicily Island, Louisiana, and added buildings and improvements thereto."
On June 5, 1974, Katie Lee Price filed suit against Albert Price, Jr., demanding a judgment of divorce on the grounds that the parties had lived separate and apart for a period of more than two years. That suit bears No. 11,517 on the Docket of the Seventh Judicial District Court, for Catahoula Parish. Defendant Price answered, denying that he and plaintiff had been living separate and apart. Plaintiff thereupon filed a supplemental and amending petition in the same suit, alleging that she learned after the original petition was filed that defendant had previously married L. D. Wilson and had never been divorced, that plaintiff married defendant in good faith, that the parties acquired property during that marriage, and that the marriage thus produced its civil effects in her favor. She prayed for judgment decreeing that the marriage between her and defendant Price was a nullity, and ordering "that the property acquired during the putative marriage of plaintiff and defendant be partitioned."
Defendant Price did not answer that supplemental and amending petition, and after due proceedings plaintiff obtained a default judgment against him on October 17, 1974, decreeing that:
"1. The marriage between Katie Lee Price and Albert Price, Jr., on August 21, 1951, was an absolute nullity;
"2. Plaintiff, Katie Lee Price, contracted the marriage now decreed to be a nullity in good faith, without any knowledge of any impediment thereto and is held to be a putative spouse;
"3. Plaintiff, Katie Lee Price, is recognized and declared to be the owner of an undivided one-half interest in all property owned by the putative community of acquets and gains that existed between the parties during the period August 21, 1951 to September 5, 1974;
"4. The child of the putative marriage between the parties hereto, Alma Lee Price, is recognized and declared to be the legitimate child of each party hereto."
No appeal has been taken from that judgment, and it now has become final.
The instant suit, bearing No. 11,619 on the Docket of the Seventh Judicial District Court for the Parish of Catahoula, was instituted on November 1, 1974. In this suit, plaintiff alleged that she is the putative spouse of defendant Price, that she married him in good faith, that during that marriage she and defendant acquired the above described property, and that she owns an undivided one-half interest in that property. She demands, among other things, that judgment be rendered decreeing "that the property held in common between them, in the proportion of an undivided one-half interest to petitioner, and the remainder as determined by this court, be partitioned by licitation, and ordering that a sale of said property be conducted at public auction." Answers were filed by both defendants. Defendant Price alleged in his answer that at the time of his marriage to Katie Lee Price, "plaintiff was aware that defendant was legally married and, therefore, is not a putative spouse marrying defendant in good faith."
No reconventional demands were filed, and defendant Price prayed in his answer merely that "the demands of plaintiff be rejected at her cost."
After trial, judgment was rendered by the trial court in the instant suit on June 5, 1975, decreeing that plaintiff, Katie Lee Price, owns an undivided one-half interest *548 in and to the above described property, and that defendant, L. D. Wilson, owns the remaining undivided one-half interest in that property. The judgment also orders that the property be sold to effect a partition by licitation. It is from this last mentioned judgment that defendant Price has appealed.
Although this appeal was taken from the judgment rendered on June 5, 1975, in suit No. 11,619 of the trial court docket, defendant Price argues here that the judgment rendered on October 17, 1974, in the prior suit (Docket No. 11,517) was erroneous insofar as it decreed that plaintiff married defendant Price in good faith, and that plaintiff thus was defendant's putative wife. Price does not ask us to reverse the judgment which was rendered in the prior suit, but he does seek to have the judgment rendered in the instant suit reversed and the case remanded, on the ground that the earlier judgment was erroneous and that plaintiff was not the putative wife of the defendant.
To support his contention that the judgment in the earlier suit was erroneous, Price argues (1) that the issue of whether plaintiff was the putative wife, in good faith, of defendant Price was not before the court in the earlier suit, because plaintiff did not pray for judgment to that effect in that suit; and (2) that in the prior suit the trial court erred in failing to apply the presumption of good faith to defendant Price, as well as to plaintiff, and in failing to hold that defendant Price also was in good faith. Defendant Price also argues that in the instant suit he should be granted "some interest in the property," in view of the absence of specific evidence to the effect that he was in bad faith at the time of his marriage to plaintiff.
We think the judgment rendered in the prior suit (No. 11,517) was responsive to the pleadings filed in that suit. The plaintiff specifically alleged that she "married defendant in good faith, having no idea that he was already married," that she lived with him for 20 years and bore him one child, that she and defendant "acquired community property during the time they lived together," and that "the marriage produced its civil effects in her favor." She prayed that "the property acquired during the putative marriage of plaintiff and defendant be partitioned." Despite our conclusions as to the validity of the earlier judgment, however, we have decided to base our decision in the instant suit on another ground.
The pleadings filed by defendant Price in the instant suit, and the position taken by him at the trial and on this appeal, constitute a collateral attack on the judgment which was rendered on October 17, 1974, in the first suit filed by plaintiff.
Our law forbids a collateral attack on a judgment or order of a competent tribunal, not void on its face ab initio. A judgment rendered by a court of competent jurisdiction imparts absolute verity and has the force of things adjudged, unless and until it is set aside in a direct action of nullity. It cannot be attacked collaterally. Allen v. Commercial National Bank in Shreveport, 243 La. 840, 147 So.2d 865 (1962); Collins v. Zachary Hardwood Lumber Company, Inc., 207 So.2d 796 (La.App. 1 Cir. 1968); Barnes v. Perkins, 201 So.2d 324 (La.App. 3 Cir. 1967); Carrier v. Travelers Insurance Company, 304 So.2d 62 (La.App. 1 Cir. 1974).
In Allen v. Commercial National Bank in Shreveport, supra, our Supreme Court said:
". . . . It is the settled law of this state that a judgment is a fiat of a court settling the rights of the parties, and however unjust, erroneous, or illegal the settlement may be, the parties can only claim under it that which, by its terms, the judgment awards. If changes therein are warranted, such may and *549 must be effected before its finality, for which ways and means are provided.. . .
". . . . Matters once determined by a court of competent jurisdiction, if the judgment has become final, can never again be called into question by the parties or their privies though the judgment may have been erroneous and liable to certain reversal on appeal. . . .
". . . . A judgment is final as to a party taking no appeal. . . .
"No principle of law has received greater and more frequent sanction, or is more deeply inbedded in our jurisprudence, than that which forbids a collateral attack on a judgment or order of a competent tribunal, not void on its face ab initio. . . ."
The judgment which defendant Price attacks here was rendered by a court of competent jurisdiction and it has the force of things adjudged. It has never been set aside in a direct action of nullity. The parties to that suit are the two principal parties to the instant suit. The issues were presented in the prior suit as to whether plaintiff was in good faith when she married defendant Price in 1951, whether she became his putative spouse and whether she was entitled to an interest in the estate which belonged to the putative community. The court decreed that she was in good faith, that she was the putative spouse of defendant, and that she is the owner of an undivided one-half interest in all property owned by the putative community which existed between them. We consider the issues determined by that judgment to be things adjudged, and not subject to collateral attack here.
We conclude that the judgment rendered in the prior suit is binding here, that plaintiff thus was in good faith when she married defendant Price, that she has been the putative wife of that defendant, and that she is the owner of an undivided one-half interest in and to all property owned by the putative community.
The law is settled that when a man contracts a second marriage while his first wife is living and undivorced, and dies leaving community property acquired during the second marriage, contracted in good faith, the estate will be divided equally by the two wives. Patton v. Cities of Philadelphia and New Orleans, 1 La.Ann. 98 (1846); Ray v. Knox, 164 La. 193, 113 So. 814 (1927); Waterhouse v. Star Land Company, 139 La. 177, 71 So. 358 (1916); Jackson v. Gordon, 186 So. 399 (La.App. 1 Cir. 1939); Succession of Fields, 222 La. 310, 62 So.2d 495 (1952); Prince v. Hopson, 230 La. 575, 89 So.2d 128 (1956).
We think the same rule applies when there existed a putative marriage, contracted in good faith by the wife, and that putative marriage thereafter is dissolved by a judgment annulling it. Under those circumstances, the estate belonging to the putative community is divided in half. The putative wife is entitled to one-half of the property belonging to that community, and the first wife is entitled to the remaining one-half of that property.
There is no merit to defendant's argument that Price should be awarded "some interest" in the property on the ground that the evidence fails to show that he was in bad faith. The evidence convinces us, as it apparently did the trial court, that defendant Price was not in good faith when he married plaintiff. The record contains a copy of the marriage certificate which was issued on November 28, 1939, evidencing Price's marriage to L. D. Wilson. Price signed that certificate, and he is presumed to have known about that prior marriage when he married plaintiff in 1951. He has not alleged, or testified *550 or attempted to show in any way that his first marriage has ever been dissolved. We conclude that he had knowledge of his prior marriage, and that he was not in good faith when he married plaintiff. In view of that finding, it is not necessary for us to consider whether he would have been entitled to "some interest" in the property in the event he had been in good faith.
We thus affirm that part of the judgment appealed from in the instant suit which decrees that plaintiff, Katie Lee Price, owns an undivided one-half interest in and to the above described property, and which directs that that property be sold at public auction by the sheriff to effect its partition by licitation.
We also affirm that part of the judgment appealed from which decrees that defendant, L. D. Wilson, is the owner of the remaining undivided one-half interest in the above property. The record, however, does not show whether the community which existed between L. D. Wilson and defendant Price has been dissolved since the trial, or since the above property was acquired. If it has been dissolved, then one-half the net proceeds of the sale of the above property should be paid to defendant Wilson. On the other hand, if the community should not be dissolved by the time the proceeds of the sale are ready for distribution, then a question would be presented as to whether L. D. Wilson's portion of those proceeds should be paid to her or to defendant Price, as the head and master of the community. We express no opinion as to that question, because that issue is not before us at this time. We believe, however, that the judgment appealed from should be amended by adding to it directions as to how the net proceeds of the sale should be distributed.
Our decision is that the judgment appealed from should be affirmed, but that there should be added to that judgment a decree that the net proceeds of the sale of the above property, after deducting the costs of the sale, the costs of this suit and the amounts required to satisfy any special mortgages or liens against the property, shall be distributed as follows: One-half of such net proceeds are to be paid to plaintiff, Katie Lee Price, and the remaining one-half of such net proceeds are to be paid into the registry of the trial court, to be distributed thereafter pursuant to the orders of that court.
For the reasons assigned, the judgment appealed from is affirmed. There is added to that judgment, however, the following decree:
"It is further ORDERED, ADJUDGED and DECREED that the net proceeds of the sale of the above described property, after deducting the costs of the sale, the costs of this suit and the amounts required to satisfy any special mortgages or liens affecting the property, shall be distributed as follows: (1) One-half of the net proceeds of that sale shall be paid to plaintiff, Katie Lee Price; and (2) the remaining one-half of the net proceeds shall be paid into the registry of the trial court, to be distributed thereafter in accordance with the orders of that court."
The costs of this suit and of the sale of the property are to paid from the proceeds of that sale. The costs of this appeal are assessed to defendant-appellant, Albert Price, Jr.
Amended and affirmed.